UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAMEION DOUGLAS,                                                    Case No. 6:22-cv-01004-AA

        Plaintiff,                                                                                    ORDER

        v.

ASSIS. ADMIN. OF REL. SERV. STUART
YOUNG; ADMIN. OF REL. SERV. DARYL
BORELLO; CHAPLAIN THOMPSON;
CHAPLAIN STAHLNECKER;
CORRECTIONAL OFFICER STEWART;
SERGEANT WHITNEY; CAPTAIN
SUNDQUIST,

        Defendants.

_____

AIKEN, District Judge.

        Plaintiff, an inmate at the Oregon State Penitentiary, files a proposed class action
pursuant to 42 U.S.C. § 1983 and alleges violations of the United States and Oregon
Constitutions and various state law tort claims. Plaintiff's First Amended Complaint is deficient
in numerous respects and plaintiff is allowed the opportunity to amend his allegations.

1 - ORDER

<u>DISCUSSION</u>

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

A. <u>Proposed Class Action</u>

As an initial matter, plaintiff cannot bring a proposed class action. Pro se litigants have no authority to represent anyone other than themselves and lack the representative capacity to file motions and other documents on behalf of other individuals. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a non-lawyer 'has no authority to appear as an attorney for others than himself'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (a non-attorney plaintiff may not pursue claims on behalf of others in a representative capacity). "Although a non-attorney may appear *in propria persona* in his behalf, that privilege

2 - ORDER

is personal to him." *Id.* (citations omitted). This action is therefore construed as an individual civil suit brought by plaintiff against the named defendants.

      B.  Federal Claims Brought Under 42 U.S.C. § 1983

To state a civil rights claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff alleges that defendants violated his rights under the First and Fourteenth Amendments in various respects. With the exception of one claim, plaintiff fails to state a viable claim under § 1983.

In Claims 1 through 3, plaintiff alleges that defendants Young and Borello "failed to train" Chaplains Thompson and Stahlnecker regarding religious services and their failure led to the chaplains' violations of plaintiff's First Amendment rights. Plaintiff cannot rely on a "failure to train" theory to sustain a claim under § 1983. As this Court has advised plaintiff in previous actions, liability under § 1983 arises only upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In Claims 4 through 6, plaintiff alleges that Chaplains Thompson and Stahlnecker violated his rights to religious freedom and equal protection when they cancelled Nation of Islam (NOI) services from August 27, 2021 through September 17, 2021 and did not cancel the services of other religious groups. In Claims 7 through 10, 12 through 16, 18, and 19, plaintiff alleges that Chaplain Thompson and Officer Stewart violated his rights to religious freedom and equal protection by closing the NOI religious supply closet during Friday services from April 3,

2020 through July 3, 2020, and again from July 2020 through December 2020, even though the supply closets for other religious groups were opened.

To state a First Amendment free exercise claim based on the denial of religious services or supplies, a plaintiff must show that the defendant substantially burdened the exercise of the plaintiff's religion, without any justification reasonably related to a legitimate penological interest. *See Jones v. Williams,* 791 F.3d1023, 1031, 1033 (9th Cir. 2015); *Shakur v. Schiro*, 514 F.3d 878, 884 (9th Cir. 2008). To constitute impermissible burden, the official's conduct must do more than "inconvenience" a religious exercise; it "must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones*, 791 F.3d at 1031-32 (citations omitted); *see also England v. Walsh,* 727 F. App'x 255, 257 (9th Cir. Mar. 9, 2018).

Plaintiff does not allege how defendants' conduct substantially burdened the exercise of his religion by forcing him to act contrary to his religious beliefs. Likewise, plaintiff's facts fail to suggest violations of the Establishment or Equal Protection Clauses. *See Inouye v. Kemna*, 504 F.3d 705, 712 n. 7 (9th Cir. 2007) (reciting test for Establishment Clause violation); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (stating elements of equal protection claim). Moreover, Claims 10, 12, and 13 are duplicative of Claims 7, 8, and 9 and Claims 18 and 19 are duplicative of 15 and 16.

In Claims 11 and 20, plaintiff alleges that Officer Stewart and Chaplain Thompson denied him access to the NOI religious closet between the months of April and December 2020 in retaliation for plaintiff's threats to file grievances against Officer Stewart. In Claim 17, plaintiff alleges that Officer Stewart filed a false disciplinary report against him in retaliation for his complaints. In Claim 21, plaintiff alleges that Stahlnecker and Stewart retaliated against him

4 - ORDER

for filing grievances, and in Claim 27, plaintiff alleges that Captain Sundquist threatened to transfer plaintiff to another correctional institution in retaliation for his complaints.

To state a viable claim of First Amendment retaliation, plaintiff must allege five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Of plaintiff's claims, only Claim 27 adequately alleges a claim of First Amendment retaliation. The Ninth Circuit has held that threats to transfer a plaintiff to other prison facilities in retaliation for filing grievances states a violation of the plaintiff's First Amendment rights. *Id.* at 568. However, Claims 17, 20, and 21 fail to allege facts suggesting that defendants took action against plaintiff *because* of his protected conduct, particularly when the alleged retaliation took place several months later. Further, several claims appear barred by the applicable two-year statute of limitations, because the events in question occurred more than two years before plaintiff signed his original Complaint on July 1, 2022. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

In Claim 22, plaintiff alleges that Sgt. Whitney confiscated his mirror due to racial animus. However, plaintiff fails to allege of discriminatory animus on the part of Sgt. Whitney, such as derogatory statements or similar conduct, to suggest that plaintiff was discriminated against based on his race. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008).

5 - ORDER

In Claims 33 and 34, plaintiff alleges that defendant Young testified in another case that food items offered by ODOC complied with halal requirements and did not contain pork, and plaintiff relied on Young's testimony when he consumed food that allegedly contained pork by-products. Plaintiff does not allege that Young provided the food to plaintiff or represented that the specific food items eaten by plaintiff did not contain pork.

In Claim 35, plaintiff alleges that Stahlnecker violated his First Amendment rights by allowing inmates to view religious DVDs even though plaintiff was prohibited from viewing NOI DVD sermons in 2016. Plaintiff does not allege that Stahlnecker recently prohibited plaintiff from watching such sermons and does not explain how such action substantially burdened the exercise of his religion.

In Claim 36, plaintiff alleges a claim for "emotional pain and psychological damage" arising from defendants' alleged violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff does not allege facts suggesting the deliberate disregard of his health or safety and his allegations do not implicate the Eighth Amendment in any way.

C.  State Law Claims

In Claims 23 through 26 and Claims 28 through 31, plaintiff alleges that defendants' conduct violated his rights under the Oregon Constitution.

There is no private right of action for damages under the Oregon Constitution, and these claims do not provide a mechanism to recover damages from defendants in their individual capacities. *See Hunter v. City of Eugene*, 309 Or. 298, 303 (1990) ("Oregon's Bill of Rights provides no textual or historic basis for implying a right to damages for constitutional

6 - ORDER

violations."). Further, Eleventh Amendment immunity bars state law claims for prospective and retrospective relief brought against state officials in their official capacities. *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992). Although an exception to Eleventh Amendment immunity applies when state officials are sued in their official capacities for prospective relief on federal law claims, that exception does not apply when state officials are sued under state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Ex Parte Young*, 209 U.S. 123 (1908).

Finally, in Claim 32, plaintiff alleges a tort claim of intentional infliction of emotional distress against Captain Sundquist arising from his alleged retaliatory threats. The sole cause of action for any tort of an ODOC official acting within the scope of their employment or duties, as alleged here, is an action against ODOC under the Oregon Tort Claims Act. *See* Or. Rev. Stat. § 30.265(1). However, ODOC is an instrumentality of the State and also immune from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst,* 465 U.S. at 97-100.

Plaintiff is permitted the opportunity to amend his allegations if he wishes to proceed on any claim other than Claim 27. Plaintiff's Second Amended Complaint must indicate: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. Plaintiff must also comply with Federal Rule of Civil Procedure 8(a), which requires him to set forth a *short and plain statement* showing that he is entitled to relief. Plaintiff's Amended Complaint shall be no more than ten pages in length.

7 - ORDER

CONCLUSION

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted, with the exception of Claim 27 against Captain Sundquist, and Claims 1 through 26 and 27 through 36 against all other defendants are DISMISSED. Within thirty days from the date of this Order, plaintiff may file a Second Amended Complaint curing the deficiencies noted above. If plaintiff fails to do so, this action will proceed only on Claim 27.

IT IS SO ORDERED.

DATED this _22nd_ day of March, 2023.


_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge

8 - ORDER