UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAMEION DOUGLAS,                                         Case No. 6:22-cv-01004-AA

       Plaintiff,                                                      ORDER

     v.

ASSIS. ADMIN. OF REL. SERV. STUART
YOUNG; ADMIN. OF REL. SERV. DARYL
BORELLO; CHAPLAIN THOMPSON;
CHAPLAIN STAHLNECKER;
CORRECTIONAL OFFICER STEWART;
SERGEANT WHITNEY; CAPTAIN
SUNDQUIST,

       Defendants.
_____

AIKEN, District Judge.

     Plaintiff, an adult in custody at the Oregon State Penitentiary, filed this action pursuant to

42 U.S.C. § 1983 and alleged violations of the United States and Oregon Constitutions and

various state law tort claims. Plaintiff's Complaint was deficient in numerous respects, and he

1 - ORDER

was allowed the opportunity to amend his allegations. Plaintiff timely filed a Second Amended Complaint alleging ten claims for relief.

As the Court previously found, Plaintiff arguably alleges a claim for First Amendment retaliation against Capt. Sundquist, as alleged in Claim 6 of the Second Amended Complaint. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). However, Claims 1 through 5 and 7 through 10 fail to state viable claims for relief under § 1983, and amendment would be futile.

In Claim 1, Plaintiff alleges that Chaplains Thompson and Stahlnecker violated his rights to religious freedom and equal protection when they cancelled weekly Nation of Islam (NOI) services from August 27, 2021 through September 17, 2021 and did not cancel the services of other religious groups. Plaintiff fails to allege facts suggesting that a temporary, three-week suspension substantially burdened the exercise of his religion. *See Jones v. Williams,* 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *Shakur v. Schiro*, 514 F.3d 878, 884 (9th Cir. 2008). Likewise, the allegations in Claim 1 do not plausibly allege violations of the Establishment or Equal Protection Clauses. *Inouye v. Kemna*, 504 F.3d 705, 712 n. 7 (9th Cir. 2007) (reciting test for Establishment Clause violation); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (stating elements of equal protection claim).

In Claim 2, Plaintiff alleges that on April 3, 2020, Chaplain Thompson failed to open the NOI Religious Material Storage Closet and Plaintiff could not obtain religious materials to observe Ramadan, which began on April 24, 2020. This Claim is time-barred, as it occurred more than two years before Plaintiff signed his Complaint on July 1, 2022. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations. . .show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

2 - ORDER

In Claim 3, Plaintiff alleges that Officer Stewart filed a false disciplinary report against him on April 17, 2020, in retaliation for Plaintiff's complaints and grievances. This claim is also time-barred. Furthermore, Plaintiff fails to allege facts suggesting that Officer Stewart filed a disciplinary report "because of" Plaintiff's protected conduct. *Rhodes*, 408 F.3d at 567-68.

In Claim 4, Plaintiff alleges that on January 2, 2023, Officer Dumanovsky retaliated against him by "bumping into" Plaintiff a few days after Plaintiff complained about Officer Dumanovsky. Plaintiff fails to allege a sufficient "adverse action" taken against him because of his protected conduct.

In Claim 5, Plaintiff repeats his allegation that Sgt. Whitney confiscated his mirror due to racial animus. Plaintiff again alleges no facts remotely suggesting discriminatory animus. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008).

In Claim 7, Plaintiff alleges the tort claim of Intentional Infliction of Emotional Distress based on Capt. Sundquist's alleged retaliatory behavior set forth in Claim 6. As Plaintiff was advised previously, an action against the Oregon Department of Corrections (ODOC) under the Oregon Tort Claims Act is the sole cause of action for an alleged tort of an ODOC official acting within the scope of their employment or duties. *See* Or. Rev. Stat. § 30.265(1). However, ODOC is an instrumentality of the State and is immune from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

In Claim 8, Plaintiff alleges that, in an unrelated case, Defendant Young testified that fish meals offered by ODOC complied with halal requirements and did not contain pork. Plaintiff claims that he relied on Young's testimony and consumed a fish meal on one occasion that allegedly contained pork by-products. Plaintiff does not allege that Young made specific

representations about the food consumed by Plaintiff, and a mistaken or incorrect belief about food products does not adequately allege a constitutional violation in these circumstances.

In Claim 9, Plaintiff alleges that Chaplain Stahlnecker violated his First Amendment rights by allowing inmates to view religious DVDs, even though Plaintiff was prohibited from viewing NOI DVD sermons in 2016. Plaintiff has alleged this claim in other lawsuits and may not repeat the claim in this case. Moreover, Plaintiff's conclusory allegations fail to plausibly allege a violation of the Establishment Clause. *Inouye*, 504 F.3d at 712 n. 7.

Finally, in Claim 10, Plaintiff alleges a claim under the Eighth Amendment arising from Defendants' alleged conduct towards him during the past six years. Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff does not allege facts suggesting the deliberate disregard of risks to his health or safety, and his allegations do not implicate the Eighth Amendment in any way.

<u>CONCLUSION</u>

For the reasons explained above, Claims 1 through 5 and 7 through 10 are DISMISSED, with prejudice. The Clerk of the Court is directed to send a copy of this Order and waiver of service packets to Assistant Attorney General Nathan Riemersma with respect to Claim 6 alleged against Capt. Sundquist. If Defendant declines to waive service, Plaintiff will be provided with the necessary forms for service by the United States Marshals Service.

IT IS SO ORDERED.

DATED this  30th  day of October, 2023.


            /s/Ann Aiken
            ANN AIKEN
      United States District Judge

4 - ORDER